UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CECIL RAY RUSSELL, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-160 |
| | § | |
| CHRISTUS SPOHN HEALTH SYSTEM | § | |
| CORPORATION; dba CHRISTUS SPOHN | § | |
| HOSPITAL-CORPUS CHRISTI, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Plaintiff, Cecil Russell (Russell), brought this employment case for violations of the Texas Labor Code regarding age, race, and religious discrimination as well as retaliation for having brought a previous discrimination claim. He has also sued under 42 U.S.C. § 1981 for deprivation of equal rights under the law, reciting a hostile work environment and retaliation. D.E. 1-1, pp. 6-7. Before the Court is Defendant CHRISTUS Spohn Health System Corporation's (CHRISTUS') "Partial Motion to Dismiss for Lack of Subject Matter Jurisdiction" (D.E. 5). At issue is whether Russell exhausted his administrative remedies, triggering this Court's jurisdiction over the Texas Labor Code claims for discrimination. For the reasons set out below, the Motion is GRANTED.

## FACTS

The Charge of Discrimination addressed to the City of Corpus Christi Human Relations Commission (CCHRC) and copied to the Equal Employment Opportunity

Commission (EEOC) and Texas Workforce Commission (TWC) that is attached to Russell's state court petition[1] is dated November 4, 2011 (November Charge). D.E. 1-1, p. 10. In the categorization section, the November Charge states that it alleges discrimination based on retaliation between May 4, 2011 and November 4, 2011, with the box for "continuing action" checked. In the "Particulars" portion of the November Charge, Russell explains that he is being harassed, retaliated against, or "discriminated against based on (or in) retaliation." D.E. 1-1, pp. 10-11. There is no mention of age, race, or religion—only that he had filed an EEOC Charge that was denied.

Russell amended the November Charge twice. He added that he was terminated for work performance issues—that do not result in discharge of other employees—as being "in retaliation for having filed several charges of discrimination." D.E. 1-1, p. 12. In an "Addendum to Charge," Russell complained of a "Chronological Coaching Record" as additional evidence of "harassment and retaliation." D.E. 5-5, p. 1. His narrative says nothing about age, race, national origin, or religion. *Id*.

The November Charge resulted in a right to sue letter issued by the TWC on February 22, 2013. D.E. 1-1, p. 13. Russell claims to have received that letter on February 25, 2013 and filed this action within the required 60-day period on April 25, 2013. D.E. 1-1, pp. 3-4.

Prior to the November Charge, Russell had filed another Charge of Discrimination (May Charge) on May 4, 2011. The description of that charge included race, religion,

---

[1] The case was removed to this Court pursuant to federal question jurisdiction, 28 U.S.C. § 1331, on the basis of the equal protection claim asserted pursuant to 42 U.S.C. § 1981.

national origin, and age discrimination as well as retaliation through conduct attributable to Defendant from July 21, 2008, through the date of the Charge, as a "continuing action." D.E. 5-2, p. 3. He complains in his "Particulars" that he is subjected to disparate treatment in disciplinary issues, leave requests, studies, and recreational reading for unlawful discriminatory reasons and in retaliation for two previous discrimination claims. D.E. 5-2, pp. 3-4. The EEOC denied any relief on July 29, 2011 and it is undisputed that Russell allowed the deadline for filing suit to pass. D.E. 10, p. 3, 10-2.

## DISCUSSION

CHRISTUS argues that, by failing to file suit regarding the age, race, national origin, and religion discrimination allegations contained in the May Charge within the time limit for doing so, and by failing to include such claims in the November Charge for EEOC disposition, Russell is precluded from basing this lawsuit on allegations of age, race, or religious discrimination and events that occurred prior to May 4, 2011. As will be discussed more fully below, CHRISTUS is correct in its recitation and application of the general jurisdictional requirement of exhaustion of administrative remedies and timely filing with respect to Texas Labor Code violations.

Russell defends against the application of this rule on three bases: (1) that he did, in fact, exhaust all administrative remedies by presenting his age, race, and religious discrimination claims to the appropriate administrative agencies; (2) that all of his claims should be considered together, dating back to July 21, 2008, as part of a "continuing action;" and (3) that his discrimination claims reasonably "grow out of" his claim of

retaliation. D.E. 10, p. 2. However, Russell's first briefed argument is whether CHRISTUS may even make its challenge in the form of a Rule 12(b) motion to dismiss.

### A. The Motion to Dismiss Is Procedurally Proper.

Russell's challenge to CHRISTUS' use of a motion to dismiss fails. First, he relies on an outdated standard of review—whether he "can present facts in support of his claim that would entitle him to relief." D.E. 10, p. 5 (citing *Tuchman v. DSC Communication Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994) (relying on *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102 (1957) and *Doe v. Hillsboro Indep. School Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd en banc*, 113 F.3d 1412 (5th Cir. 1997)). And he claims that such a motion may not be used to resolve fact issues or the merits of the case.

The test of pleadings under Rule 12(b)(6) is devised to balance a party's right to redress against the interests of all parties and the court in minimizing expenditure of time, money, and resources. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1966 (2007). The *Twombly* court expressly "retired" the old test stated in *Conley v. Gibson* that a complaint would not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S.Ct. at 1969 (quoting *Conley, supra*). The revised standard for determining whether a complaint states a cognizable claim has been outlined by the United States Supreme Court in *Twombly, supra* and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009).

Factual allegations are required, sufficient to raise the entitlement to relief above the level of mere speculation. *Twombly*, 127 S.Ct. at 1965. Those factual allegations

must then be taken as true, even if doubtful. *Id*. In other words, the pleader must make allegations that take the claim from "conclusory" to "factual" and beyond "possible" to "plausible." *Id*., 127 S.Ct. at 1966. The *Twombly* court stated, "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." 127 S.Ct. at 1974.

A motion to dismiss for failure to state a claim upon which relief can be granted can be based not only on a plaintiff's claims but on matters that support an affirmative defense, such as limitations. Even if some allegations support a claim, if other allegations negate the claim on its face, then the pleading does not survive the 12(b)(6) review.

> A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim; that does not make the statute of limitations any less an affirmative defense, *see* Fed. Rule Civ. Proc. 8(c). Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract.

*Jones v. Bock*, 549 U.S. 199, 215, 127 S.Ct. 910, 920-21 (2007).

When a statute creates a jurisdictional requirement that the claimant does not satisfy, dismissal is appropriate. *See, Taylor v. United States Treasury Dep't*, 127 F.3d 470, 475 (5th Cir. 1997) (discussing the difference between statutory and jurisprudential exhaustion requirements and the jurisdictional import of the distinction); *Premiere Network Services, Inc. v. SBC Communications, Inc*., 440 F.3d 683, 686 n. 5 (5th Cir.

2006) (same). The Texas Labor Code has established such a jurisdictional requirement: that a claimant must exhaust administrative remedies before bringing an action for employment discrimination. *Hernandez v. City of Corpus Christi*, 820 F.Supp.2d 781, 793 (S.D. Tex. 2011) (citing *Lueck v. State*, 325 S.W.3d 752, 761 (Tex. App.—Austin 2010, pet. denied)).

In determining whether Russell exhausted his administrative remedies in a challenge to jurisdiction, "under Rule 12(b)(1), the court may consider any of the following: '(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.' " *Walch v. Adjutant General's Dept. of Texas*, 533 F.3d 289, 293 (5th Cir. 2008) (quoting *Robinson v. TCI/US West Communications Inc.*, 117 F.3d 900, 904 (5th Cir. 1997)). The Motion to Dismiss is procedurally proper and this Court may construe and determine disputed facts in order to dispose of it.

### B. The Administrative Remedies Were Not Exhausted.

The exhaustion of administrative remedies under Chapter 21 begins with the required filing of a charge of discrimination with the TWC. *See* Tex. Lab. Code Ann. § 21.201; *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 804 (Tex. 2010). A plaintiff must: (1) file a complaint with the TWC within 180 days of the alleged discriminatory practice; (2) permit TWC to dismiss the complaint or resolve it within 180 days before filing suit; and (3) file suit no later than two years after the complaint is filed. Tex. Lab. Code §§ 21.201–202, 208, 256; *Rice v. Russell–Stanley, L.P.*, 131 S.W.3d 510, 513 (Tex. App.—Waco 2004, pet. denied).

The plaintiff's administrative remedies are demonstrated to have been exhausted by his or her entitlement to a right-to-sue letter, which ends the exclusive jurisdiction of the TWC. *Rice*, 131 S.W.3d at 513; *City of Houston v. Fletcher*, 63 S.W.3d 920, 923 (Tex. App.—Houston [14th Dist.] 2002, no pet.); Tex. Lab. Code Ann. §§ 21.208, 252. The November Charge, on its face, does not raise claims for discrimination based on age, race, or religion. D.E. 1-1, p. 10. While those claims were raised in the May Charge, they expired pursuant to the statute of limitations of Tex. Labor Code § 21.256 because they were filed on April 25, 2013 (D.E. 1-1, p. 3), more than two years after filing the administrative complaint on May 4, 2011.

Russell suggests that dismissal is inappropriate because a limitations defense is subject to waiver, estoppel, and equitable tolling, citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 102 S.Ct. 1127 (1982). That said, he fails to direct this Court to any factual allegations or facts in the record that would properly raise or support the application of waiver, estoppel, or equitable tolling.

**C. Russell Cannot Bootstrap the May Charge to the November Charge as a "Continuing Action."**

Russell invokes the "continuing action" doctrine. The doctrine does not help Russell here. The "continuing action" doctrine allows a claimant to reach back more than the statutory period to complain of early acts that were part of a discriminatory or retaliatory process, but were not sufficient to put the claimant on notice of the nature of the claim at the time. *Glass v. Petro-Tex Chemical Corp.*, 757 F.2d 1554, 1561 (5th Cir.

1985); *Wal-Mart Stores, Inc. v. Davis*, 979 S.W.2d 30, 41-42 (Tex. App.—Austin 1998, pet. denied).

More specifically, to fall within the doctrine, the claimant must show (1) that some "independent actionable conduct" occurred during the statutory period, and (2) that he or she did not know and could not reasonably be expected to have realized that the earlier discrimination related to the same claim was itself actionable until within 180 days of the date of filing the charge of discrimination. *Glass, supra.* Such a doctrine has no application here, where the claimant had sufficient notice to have actually filed a claim for the prior conduct within the statutory time applicable to that conduct and where the earlier conduct is not related to the same discriminatory theory complained of in the charge.

Moreover, while Russell checked the "continuing action" box on the form for the November Charge, he specifically listed the start date of the acts complained of as May 4, 2011—the date of the May Charge. He did not allege that any discriminatory acts prior to May 4, 2011 were at issue in his November Charge for retaliation. The conduct that Russell now seeks to complain of had already been grieved and was not part of his retaliation claim as presented to administrative authorities for exhaustion of administrative remedies.

### D. Russell's Age, Race, and Religion Discrimination Claims Do Not "Grow Out Of" His Retaliation Claim.

Russell acknowledges that the scope of a discrimination suit extends "as far as, but no further than, the scope of the EEOC investigation which could reasonably grow out of

the administrative charge." D.E. 10, p. 8 (citing *Thomas v. Clayton Williams Energy*, 2 SW3d 734, 738 (Tex. App.–Houston [14th Dist.] 1999, no pet.).[2] To overcome that limitation, Russell contends that his age, race, and religion claims are so related to his retaliation claims that they are essentially the same, citing *Hornsby v. Conoco, Inc*., 777 F.2d 243, 247 (5th Cir. 1985) and *Sanchez v. Standard Brands, Inc*., 431 F.2d 455, 462-64 (5th Cir. 1970). Those cases do not help Russell.

In *Hornsby*, the claimant originally checked the "other" box and wrote in "age and retaliation." On the back of the same form, and simultaneously, she wrote that she believed she had been subjected to sex discrimination. All of those claims were permitted under a liberal construction policy. She was not held to the strict confines of the boxes or the front of the form. The claimant was not, however, permitted to later add a claim for sexual harassment, describing additional facts. The court rejected that expansion as a new and independent charge based on new and independent facts. *Hornsby*, supra at 247.

In *Sanchez,* while the claimant was permitted to add discrimination based on national origin to her sex discrimination claim, the reason for doing so was that both claims arose from the exact same circumstances that were already in issue based on the original charge. The court held that the factual recitation is what is important, more so than the boxes checked and their associated legal conclusions regarding what the facts show. The claimant did what the court expected her to do, which was to fully describe

---

[2] Russell also cites *Terrell v. United States Pipe & Foundry Co*., 644 F.2d 1112, 1123 (5th Cir. 1981), which was vacated by *International Ass'n of Machinists and Aerospace Workers, AFL-CIO v. Terrell*, 456 U.S. 955, 102 S.Ct. 2028 (U.S. 1982).

the "unfair thing" that she was complaining about. Because the facts she set out revealed the basis for the additional charge, she was permitted to bring it. *Sanchez, supra* at 463.

Here, Russell's November Charge did not recite age, race, or religious discrimination or facts that implicate such discrimination as the "unfair thing" about which he was complaining. The November Charge involved a different charge—retaliation—based on different facts in an entirely different time frame. The age, race, and religious discrimination complaints do not "grow out of" the retaliation charge.

## CONCLUSION

For the reasons set out above, the Court GRANTS the Defendant's Partial Motion to Dismiss for Lack of Subject Matter Jurisdiction (D.E. 5) and DISMISSES the Plaintiff's claims for age, race, and religious discrimination under the Texas Labor Code.

ORDERED this 26th day of September, 2013.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE